SCOTT (FRYE v.). See Case No. 5,144.

SCOTT (GORDON v.). See Case No. 5,620.

SCOTT (GREELEY v.). See Case No. 5,746.

## Case No. 12,531.

SCOTT v. The GREENWICH.

[1 Pet. Adm. 155.] 1

District Court, D. Pennsylvania. 1802.

SEAMEN—WAGES—DEATH DURING SERVICE—CLAIM FOR WHOLE VOYAGE.

A seaman died on the return voyage, and wages claimed by administrator until the arrival of the ship. The court gave wages until the time of the seaman's death, and ordered the balance in dispute to be lodged in court until the determination of an appeal in another case involving the same principle.

[Cited in Carey v. The Kitty, Case No. 2,402.]

[This was a libel by Scott, administrator of Ellis, a mariner, against the brig Greenwich.] The mariner died on the home passage. Payment to the time of his decease, agreed to be paid; but the residue for the voyage disputed.

PETERS, District Judge. I have determined this question upon deliberation; and my decree may be seen in the clerk's office. I am obliged to decide this, and many points

1 [Reported by Richard Peters, Jr., Esq.]

arising here, on what I conceive to be the principles of the maritime laws. I find in many cases few, and in some, no decisions in the books to guide me. I have seen no reason to alter my opinion. I perceive in a late English publication, that the writer (Abb. Shipp. 356 et seq.) is doubtful on this question. He says, "There is no general decision on this subject, in our law books." He alleges, "that it is not clear whether the payment thus directed, is to be understood of a sum proportionate to the time of his service, or of the whole sum earned, if he had lived to the end of the voyage." He cites much at large, the case of Cutter v. Powell, 6 Term R. 320, on which I have heretofore remarked. It appears to my mind, and if my opinion is erroneous, it is in a train to be corrected, that the maritime laws have not left it doubtful, but to me clear, that the wages must be paid for the whole voyage. He (Abbott) agrees, and cites authorities to prove, that, by the maritime laws, wages for the entire voyage, are due, though inability to do service has occurred by any casualty in actual duty, or by natural sickness. I have before made my observations on the analogy between those cases, and that now before me. The relative bearing of a point on the whole system, is necessary to a correct conclusion; and in this case, perhaps, more so, than a partial view of it under its own circumstances. My habit is always to decide according to my best judgment. I never prolong litigation, when my own mind is satisfied, because differences of opinion arise on questions brought before this court. Decision here, forwards final determination, if the discontented party chooses to appeal. There has been an appeal, in another case, long depending in the superior court. My practice is, when an appeal is depending (if bona fide intended to procure a decision, and not for delay) to order payment in posterior and similar cases, so far as the point is not questioned, and direct the litigated portion to be paid into court, liable to further order. Let the administrator in this case receive to the time of the seaman's death; and let the residue be paid into court, or stipulation be entered into therefor. If no steps are taken, in a reasonable time, to obtain the decision of the circuit court, I shall think myself warranted to effectuate my own judgment.

NOTE. Many cases have been brought before the court in which the points here decided have been recognized, but it has not been thought necessary to publish any others. The operation of these decisions, has been in some instances, extremely severe on ship owners; and their effect is now, in most cases, prevented by the insertion of a covenant in the shipping articles, that "wages shall cease on the death of the seaman." Of the legality of this agreement no doubt can be entertained, and to its omission in their contracts, merchants must hereafter attribute any claims which may be made on them, by the representatives of seamen dying on a voyage. In the case of Sims v. Jackson [Case No. 12,890], the claims of the administratrix were for wages during the whole voyage, although her husband had died before the

return of the ship, on board which he sailed as mate. The district court, referring to the case of Walton v. The Neptune [Id. 17,135], decreed full wages, and an appeal was entered to the circuit court. The case was heard at the April sessions, 1806, Moylan for the appellant, and Milnor for the appellee, and the decree of the district court was confirmed by the Hon. Judge Washington.